ALFORD, Judge.
The plaintiff-appellant, Shirley M. Au-coin, sued Me B R Management Company and its insurer, United States Fidelity & Guaranty Company, (the defendants), for personal injuries sustained as a result of an accident between one of defendant’s trucks and her car. The case was tried before a jury on October 22 and 23, 1986. The jury found the plaintiff to be 40% at fault and the defendants to be 60% at fault. It set plaintiffs damages at $36,000.00, thus casting defendants in judgment for $21,600.00, together with legal interest, with the court costs to be paid 40% by plaintiff and 60% by defendants. Plaintiff appeals from this judgment on both liability and quantum. We amend in part and, as amended, affirm.
FACTS
The accident sued upon occurred around noon on January 18,1985. It was a bright, sunny day. Plaintiff was driving northbound in the right lane on Louisiana Highway 44 (a four lane highway also known as “Burnside”) in the City of Gonzales, Louisiana. Traffic was slow because of several traffic lights along Highway 44. The remaining facts are in dispute.

Plaintiff’s Version:

Plaintiff testified that as she proceeded along Highway 44, approaching the intersecting street of New River Road, she noticed a “big white truck” (owned by defendant, Me B R Management Company) directly in front of her in the right lane. She saw the truck move completely into the left hand lane of travel so she decided to accelerate in order to “go on about her busi *267 ness”. Then the truck started to turn right (without a turn signal) from the left lane and its right front tire struck plaintiffs car door, pushing her car against the curb of the road. Plaintiff testified that she can remember seeing the passenger in the truck look down at her at the moment of impact. She stayed in her car because she had bumped her head, and the police arrived five to six minutes later. Plaintiff told the police officer that she was not hurt.

Defendant’s Version:

The driver of defendant’s truck, Mr. Michael L. Davis, testified that he was driving very slowly at the time of the accident because he was hauling a shipment of eggs and he was about to turn right. He stated that before he turned right onto New River Road from Highway 44, he checked his mirrors, moved one to two feet into the left lane, turned on his right signal, checked his mirrors again and then started to turn. At this point, Mr. Davis “heard a car skidding” and his passenger told him there was a “car under the truck”. Mr. Davis testified that he was only traveling about 5 — 10 miles per hour. He stated that the plaintiff’s car had struck the truck’s right rear tire.
Mr. Davis’ testimony was corroborated by both the passenger in the defendant truck, Mr. Richard Millstead, and the investigating police officer, Mr. Israel Moreno.
LIABILITY
Essentially, a determination of liability in this case turned on the credibility of the two parties involved in the accident, plaintiff and Mr. Davis.
The findings of respective percentages of fault are factual findings. Appellate courts will not disturb such findings unless, for well articulated reasons, those findings are found to be clearly wrong. Gilder v. Branton, 471 So.2d 976 (La.App. 1st Cir.1985).
We have carefully reviewed the record here and cannot say the jury was clearly wrong or manifestly erroneous in finding both the plaintiff and defendant were at fault and the fault of both was the proximate cause of plaintiff’s injury. Nor can we say it erred in allocating the negligence 40% to plaintiff and 60% to defendant
As a general rule, the driver of an overtaking vehicle, upon approaching another one from the rear, is under a duty to exercise a great deal of care in keeping a lookout and to make certain that no change of course of the preceding vehicle is indicated. Morgan v. Lumbermen’s Mutual Casualty Company, 317 So.2d 7, 11 (La.App. 1st Cir.1975). It is not clear from the evidence whether or not defendant gave a right turn signal before turning; however, it is clear that plaintiff did not observe and recognize any such signal. Nevertheless, whether or not defendant gave a right turn signal, the jury could, based on the evidence, determine that plaintiff was negligent in that she knew, or should have known, that the truck in front of her was decelerating and had reached a relatively slow speed of 5 — 10 miles per hour. This should have put plaintiff on notice that the preceding truck was no longer merely continuing on its course down the highway, but was preparing either to stop or turn. To accelerate and continue to overtake and attempt to pass the truck under these conditions was negligent and a proximate cause of the accident.
For the reasons stated, therefore, we affirm the jury’s findings on liability and its percentage allotment of negligence between the plaintiff and defendant. Plaintiff was contributorily negligent in attempting her passing maneuver under the circumstances of this case.
QUANTUM
Plaintiff alleges that the jury erred in failing to award special damages for lost wages and medical expenses. Additionally, plaintiff alleges that the general damages award was insufficient. Plaintiff was awarded the sum of $36,000.00. There was no itemization of general and specific damages.
General and specific damages may be awarded in globo and such award will not *268 be set aside absent an abuse of discretion. Sims v. Selvage, 499 So.2d 325 (La.App. 1st Cir.1986). “It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review ... be considered either excessive, or insufficient.” Reck v. Stevens, 373 So.2d 498, 501 (La.1979). In order to determine whether the trier of fact abused its discretion by making an inadequate award, the evidence must be viewed in the light most favorable to the defendant. Cutchall v. Great American Pump Company, 460 So.2d 1106, 1115 (La.App. 2d Cir.1984).
A review of the evidence shows that plaintiff suffered a ruptured disc at the C-6,7 level on the left side, most likely as a result of the accident since she had never before experienced neck or arm pain. Dr. William Fisher, Jr., a neurological surgeon, performed an anterior cervical discectomy and fusion on plaintiff on May 8, 1985. Plaintiff was in the hospital for a total of 21 days (the majority of this time was for physical therapy prior to her surgery). Plaintiff realized excellent results from the surgery with no complications. Dr. Fisher said plaintiff now has a 10% anatomic disability and 0% functional disability and he has not placed any restrictions upon plaintiffs activities.
Plaintiff testified that she had never really worked outside of her home; however, she had worked as a cook for a short time at a restaurant and as a janitor in a diner. She said she had always raised and sold crops along the side of the road, averaging $15,000.00 annually. Plaintiff stated that she did not make any money from raising and selling crops in 1985 or 1986 as a result of her neck injury. Since this testimony was not corroborated by any other witness and no proof was offered to substantiate her lost income, the jury could have chosen not to believe plaintiff in this regard.
Plaintiffs medical expenses were proven to be $20,078.46, which she paid out of her own pocket since she did not have insurance to cover them.
A careful review of the medical evidence, plaintiffs work history and the medical expenses, compels us to find that plaintiff failed to prove that she had lost wages. However, we find the in globo award of $36,000.00 to be inadequate given the proven medical expenses incurred by plaintiff in the amount of $20,078.46. $36,000.00 is woefully inadequate to compensate plaintiff for her injury and medical bills. Thus, the jury clearly abused its discretion and under the standards set for our review in Reck v. Stevens, 373 So.2d at 501, and Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), we are bound to correct the award.
After reviewing prior cases, we find that an award of $36,000.00 for general damages and $20,078.46 for special damages is justified in this case and is the minimum sum which was reasonably within the jury’s discretion.
Therefore, for the foregoing reasons, the award of the trial court is amended thereby increasing the total award to plaintiff to $56,078.46. Applying 60% as the percentage of the total damages allocated to defendants, we amend the trial court’s judgment in favor of plaintiff and against defendants from $21,600.00 to $33,647.08, and as thus amended, affirm the judgment. Costs of this appeal to be borne by the defendants.
AMENDED AND, AS AMENDED, AFFIRMED.